UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| EVANGELINE POINTER, on behalf of herself and all others similarly situated, | ) ) ) | C/A: 4:18-cv-01629-RBH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER FOR CONDITIONAL CLASS CERTIFICATION (FLSA)** |
| NAKATO SC, INC. d/b/a NAKATO JAPANESE STEAKHOUSE and JOHN DOES 1-10, et al., | ) ) ) ) | **AND TO AUTHORIZE NOTICE TO PUTATIVE CLASS MEMBERS** |
| Defendants. | ) ) ) | |

This action came before this court on a Consent Motion (ECF 17) filed by Plaintiff, Evangeline Pointer ("Pointer"), on behalf of herself and all others similarly situated, and all of the filed Opt-Ins to date (all jointly "Plaintiffs"), by and through their counsel, with the consent of Defendant, Nakato SC, Inc. d/b/a Japanese Steakhouse ("Nakato" or "Defendant"), (Plaintiffs and Defendant jointly "Parties"), moving before this Honorable Court for an Order of Conditional Collective Action Certification and to Authorize Notice to Putative Collective Action Members ("Putative Members"), pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216.

The Parties requested this Honorable Court to order the following:

1. Conditionally certify this matter as a collective action for actual damages, liquidated damages, and attorneys' fees and costs under 29 U.S.C. §216(b).

2. Define the class as follows: "All current and former employees of Nakato who were paid a direct, or hourly, rate less than the statutory minimum wage of seven and 25/100 dollars ($7.25) per hour and were required to tip-out, or remit tips, into the mandatory tip pool."

The Putative Class should include all employees who made less than seven and 25/100 dollars ($7.25) and contributed money to the Tip Pool and were employed within three (3) years of the Notice being sent.

3.      The Notice and Consent ("Notice") (ECF 17-1) is appropriate to provide notice to the Putative Members, via U.S. Mail, and for allowing Putative Members to opt-in, or join, the class.  The mailing envelope shall have a return address as follows:

> Nakato Class Action Lawsuit
> Important Notice of Your Legal Rights
> PLEASE OPEN & READ
> P.O. Box 26170
> Santa Ana, CA  92799

Enclosed, with the Notice, there will be a self-addressed, postage-paid envelope using the name and mailing address of Plaintiffs' counsel for both the address and return address.

4.      The Email Notice (ECF 17-2) is appropriate for sending notice to Putative Members via email.  The subject line of the email shall read: Nakato Class Action Lawsuit – Please Read.

5.      The Text Message Notice Via Cell Phone (ECF 17-3) is appropriate for sending notice to Putative Members via text message.

6.      Putative Members will have thirty (30) days from the date of the Notice to return their Consent form.  Timeliness will be determined based upon the date that the Consent is post-marked or that an email is sent with the completed "Consent to Join."

7.      The Parties shall use the services of Third Party Administrator, Simpluris, Inc. ("TPA"), to handle distribution of the various notices.  Plaintiffs shall pay all fees and costs of

the TPA.[1]

8.  Within five (5) calendar days[2] of the entry of this Order, Defendant shall provide, in electronic format, if available, to the TPA, for all Putative Members[3], the following information:

a.  Full names and identify if the individual is a current employee;

b.  Dates of employment;

c.  All known mailing addresses on file, including, but not limited to, addresses on payroll records, W-2, in employee file, and on application or resume;

d.  All known email addresses, including, but not limited to, those found in the employee file, on an application or resume, or any other method by which Defendants stored email addresses; and,

e.  All known telephone numbers, including, but not limited to, employee file, on application or resume, W-4; or any other method by which Defendants stored phone numbers.

9.  The TPA shall not provide Plaintiffs' counsel with the names, mailing addresses, email addresses, or cell phone numbers of the Putative Members; however, the TPA shall, within seven (7) days of receiving this information from Defendant, provide Plaintiffs' counsel with the following information: (a) the number of Putative Members; (b) the number of mailing

---

[1]  Simpluris has been used by Plaintiffs' counsel as the TPA in approximately seventeen (17) FLSA Collective Actions in the past four (4) years and is quite familiar with the tasks outlined in this consent motion.

[2]  To the extent any deadline in this Order falls on a Saturday, Sunday, or legal holiday, the deadline will fall on the next day that is not a Saturday, Sunday, or legal holiday.

[3]  To avoid the TPA sending notices to Putative Members who by joining the lawsuit, after they receive the notice from the TPA, would be outside of the potential three (3) year statute of limitations, Defendants shall provide the TPA with Putative Members who have been employed at any time within the prior three (3) years of mailing of the notice.

addresses; (c) the number of email addresses; and (d) the number of cell phone numbers.

10.     As soon as business will allow, but before the TPA's deadline for distributing Notice as set forth in Paragraph 11, the TPA shall email counsel for Plaintiffs and counsel for Defendant an example of both envelopes – the one containing the Notice and the return envelope, along with copies of ECF 17-1; ECF 17-2; ECF 17-3.[4]  Within one (1) business day of receipt of these envelopes and ECF 17-1; ECF 17-2; ECF 17-3, counsel for the Parties shall advise the TPA, as well as their opposing counsel, if the envelopes and Notices are correct or what revisions are needed.

11.     The TPA shall, within three (3) calendar days of receipt of the information from Defendant as set forth in Paragraph 8:

(a)     Perform a skip trace to determine all Putative Members' up-to-date mailing address;

(b)     Insert appropriate dates in the Notices where appropriate;

(c)     Mail, via first class U.S. mail, a copy of ECF 17-1 to the best possible address, as determined by the TPA; and

(d)     Email, to all Putative Members with an email address, a copy of ECF 17-2 with ECF 17-1 attached.

(e)     Send the Text Message Via Cell Phone (ECF 17-3) to the cell phone number(s) for that Putative Member.

12.     If the TPA receives any completed Consents, the TPA shall, within twenty-four (24) hours of receiving the Consent, email a copy to counsel for Plaintiffs to be filed with the

---

[4]  The TPA will need to insert the appropriate dates where the Notices have yellow highlights.

Court.  The TPA shall also, within five (5) calendar days, mail the original consent to counsel for

Plaintiffs.

**IT IS SO ORDERED.**

August 21, 2018                                          s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                 United States District Judge



_____          _____
                                                                       s/ Benjamin A. Baroody
Bruce E. Miller, Esq. (Fed Bar No. 3393)     Benjamin A. Baroody, Esq. (Fed. Bar No.
BRUCE E. MILLER, P.A.                              9442)
147 Wappoo Creek Drive, Suite 603          Holly M. Lusk, Esq. (Fed Bar No. 12587)
Charleston, SC  29412                              BELLAMY LAW FIRM
T: 843.579.7373                                        1000 29th Avenue North
F: 843.614.6417                                        Myrtle Beach, SC  29577
bmiller@brucemillerlaw.com                    T: 843.448.2400
                                                                 F: 843.448.3022
                                                                 bbaroody@bellamylaw.com
                                                                 hlusk@bellamylaw.com

**ATTORNEY FOR EVANGELINE**
**POINTER, on behalf of herself and all**
**others similarly situated**                        **ATTORNEYS FOR NAKATO SC, INC.**
                                                                 **d/b/a NAKATO JAPANESE**
                                                                 **STEAKHOUSE**